# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JAMIE ROSE MARIE WILLIAMS,

   *Plaintiff*,

v.                                             CASE NO. 12-CV-14428

COMMISSIONER OF                DISTRICT JUDGE ROBERT H. CLELAND
SOCIAL SECURITY,                   MAGISTRATE JUDGE CHARLES E. BINDER

   *Defendant*.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

### I.  RECOMMENDATION

In light of the entire record in this case, I suggest that substantial evidence supports the Commissioner's determination that Plaintiff is not disabled. Accordingly, **IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment be **DENIED**, that Defendant's Motion for Summary Judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

### II.  REPORT

#### A.   Introduction and Procedural History

Pursuant to 28 U.S.C. § 636(b)(1)(B), E.D. Mich. LR 72.1(b)(3), and by Notice of Reference, this case was referred to this magistrate judge for the purpose of reviewing the Commissioner's decision denying Plaintiff's claims for a period of disability, Disability Insurance

---

[1] The format and style of this Report and Recommendation are intended to comply with the requirements of the E-Government Act of 2002, Pub. L. 107-347, 116 Stat. 2899 (Dec. 17, 2002), Fed. R. Civ. P. 5.2(c)(2)(B), E.D. Mich. Administrative Order 07-AO-030, and guidance promulgated by the Administrative Office of the United States Courts found at:  http://jnet.ao.dcn/img/assets/5710/dir7-108.pdf. This Report and Recommendation only addresses the matters at issue in this case and is not intended for publication in an official reporter or to serve as precedent.

Benefits ("DIB"), and Supplemental Security Income ("SSI") benefits. This matter is currently before the Court on cross-motions for summary judgment. (Docs. 9, 10.)

Plaintiff Jamie Rose Marie Williams was 28 years of age at the time of the most recent administrative hearing. (Transcript, Doc. 6 at 42.) Plaintiff's employment history includes work as a certified nurse assistant ("CNA") for three months, a housekeeper for three months, a daycare assistant for three months, a cashier for one month, a customer service representative for three years, and a welder for one year. (Tr. at 170.) Plaintiff filed the instant claims on November 2, 2009, alleging that she became unable to work on September 20, 2008. (Tr. at 125, 132.) The claims were denied at the initial administrative stages. (Tr. at 66, 68.) In denying Plaintiff's claims, the Commissioner considered bilateral carpal tunnel syndrome and asthma as possible bases for disability. (*Id.*) On March 10, 2011, Plaintiff appeared before Administrative Law Judge ("ALJ") Tammy Thames, who considered the application for benefits *de novo*. (Tr. at 23-37, 38-65.) In a decision dated March 23, 2011, the ALJ found that Plaintiff was not disabled. (Tr. at 34.) Plaintiff requested a review of this decision on March 31, 2011. (Tr. at 21-22.)

The ALJ's decision became the final decision of the Commissioner, *see Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004), on August 10, 2012, when, after review of additional exhibits[2] (Tr. at 328-98, 399-407), the Appeals Council denied Plaintiff's request for review. (Tr. at 1-7.) On October 6, 2012, Plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision.

---

[2]In this circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative law judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996); *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993). Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, the court can consider only that evidence presented to the ALJ. In other words, Appeals Council evidence may not be considered for the purpose of substantial evidence review.

## B.    Standard of Review

In enacting the social security system, Congress created a two-tiered structure in which the administrative agency handles claims and the judiciary merely reviews the determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521, 110 S. Ct. 885, 890, 107 L. Ed. 2d 967 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137, 142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). If relief is not found during the administrative review process, the claimant may file an action in federal district court. *Id.*; *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir. 1986) (en banc).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). *See also Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). *See also Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

"It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). *See also Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, 'particularly since the

3

ALJ is charged with observing the claimant's demeanor and credibility'") (citing *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence")); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may . . . consider the credibility of a claimant when making a determination of disability"). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247 (quoting SSR 96-7p, 1996 WL 374186, at *4).

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, a court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). *See also Mullen*, 800 F.2d at 545. The scope of a court's review is limited to an examination of the record only. *Bass,* 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers,* 486 F.3d at 241. *See also Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted) (citing *Mullen*, 800 F.2d at 545).

When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir.

4

1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party"); *Van Der Maas v. Comm'r of Soc. Sec.*, 198 F. App'x 521, 526 (6th Cir. 2006).

### C. Governing Law

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994). *Accord Bartyzel v. Comm'r of Soc. Sec.*, 74 F. App'x 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the DIB program of Title II, 42 U.S.C. §§ 401 *et seq.*, and the SSI program of Title XVI, 42 U.S.C. §§ 1381 *et seq.* Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled. F. Bloch, Federal Disability Law and Practice § 1.1 (1984). While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

>Step One:  If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
>Step Two:  If the claimant does not have a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
>Step Three:  If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.
>
>Step Four:  If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
>Step Five:  Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

20 C.F.R. §§ 404.1520, 416.920. *See also Heston,* 245 F.3d at 534. "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin,* 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work[.]" *Jones*, 336 F.3d at 474 (cited with approval in *Cruse,* 502 F.3d at 540). If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given her RFC [residual functional capacity] and considering relevant vocational factors." *Rogers,* 486 F.3d at 241 (citing 20 C.F.R. §§ 416.920(a)(4)(v), (g)).

**D.     ALJ Findings**

The ALJ applied the Commissioner's five-step disability analysis to Plaintiff's claim and found at step one that Plaintiff met the insured status requirements through December 31, 2009, and that Plaintiff had not engaged in substantial gainful activity since September 20, 2008, the alleged amended onset date. (Tr. at 28.) At step two, the ALJ found that Plaintiff's asthma with associated chronic episodes of shortness of breath, obesity, and bilateral carpal tunnel syndrome were "severe" within the meaning of the second sequential step. (*Id.*) At step three, the ALJ found no evidence that Plaintiff's combination of impairments met or equaled one of the listings in the regulations. (Tr. at 28-29.) At step four, the ALJ found that Plaintiff could perform her past relevant work as a cashier or a child monitor. (Tr. at 32-34.) Alternatively, at step five, the ALJ found that Plaintiff could perform a limited range of light work. (Tr. at 29-32.) Therefore, the ALJ found that Plaintiff was not disabled. (Tr. at 34.)

      E.    **Administrative Record**

A review of the relevant medical evidence contained in the administrative record indicates that Plaintiff was treated for asthma via emergency room treatment since November 2008. (Tr. at 206-57, 276-85, 293-95, 297-303.) Plaintiff was also treated for bilateral carpal tunnel syndrome since 2007. (Tr. at 266-70, 304-27.)

On January 10, 2009, Plaintiff reported that she quit smoking. (Tr. at 227.) On September 8, 2009, x-rays of Plaintiff's chest showed no acute abnormalities. (Tr. at 233.) On November 3, 2010, Plaintiff requested and received removal of her IUD because she "[w]ants to get pregnant." (Tr. at 296.)

Plaintiff underwent left carpal tunnel release surgery on December 10, 2010. (Tr. at 286-90.)

A Physical Residual Functional Capacity ("RFC") Assessment completed on February 1, 2010, by Dale Blum, M.D., concluded that Plaintiff can occasionally lift 20 pounds, frequently lift 10 pounds, stand or walk for about 6 hours in an 8-hour workday, sit for about 6 hours in an 8-hour workday and is limited in her upper extremities due to asthma and obesity. (Tr. at 259.) The assessment also concluded that Plaintiff should only occasionally climb, stoop, and crouch, and is limited in all areas of manipulation (except for reaching) due to bilateral carpal tunnel syndrome. (Tr. at 260-61.) There were no visual or communicative limitations established. (Tr. at 261-62.) As to environmental limitations, the assessment noted Plaintiff should avoid concentrated exposure to extreme cold, heat, wetness, and humidity, and should avoid even moderate exposure to fumes, odors, dusts, and gases due to asthma and obesity. (Tr. at 262.) The assessment found Plaintiff to be "partially credible" based on her reported activities of daily living and the medical evidence of record. (Tr. at 263.)

Plaintiff indicated in her daily activity report that she is able to care for her three children, which includes cooking for them, playing with them, doing their laundry, gettin her six- and seven year-old ready for school, and taking them to their father's house. Plaintiff also has no problem with personal care, does not need reminders, prepares daily meals for one to two hours at a time, vacuums, mows the lawn, does dishes, dusts, cleans for one-half to one hour every day, does laundry and vacuuming one to three times per week for one to three hours, gets outside every day, drives and rides in a car, shops in stores for clothes, food and household items one or two times per month for two to three hours, is able to handle her own finances, reads, watches television, enjoys poetry, spending time with her family, traveling, playing computer games, talking with others every day, and going to movies and restaurants one or two times per month. (Tr. at 154-58.)

Plaintiff also indicated that she "[c]an only lift 20 pounds" and "can only walk half a block." (Tr. at 159.)

At the administrative hearing, Plaintiff testified that she acquired a GED and passed the test for being a certified nurse assistant, but is no longer licensed. (Tr. at 43-44.) Plaintiff testified that she has had asthma since childhood. (Tr. at 48.) Plaintiff further testified that when she rests, she generally sits in a recliner with her feet up and only has difficulty sitting "when I can't breath[e]." (Tr. at 54.) Plaintiff also stated that she could lift and carry "[a]bout 10 pounds maybe" and could stand for "[m]aybe 10, 15 minutes" at a time and that she was more tired at the time of the hearing because she was pregnant. (Tr. at 56-57.)

At the administrative hearing, the Vocational Expert ("VE") examined Plaintiff regarding her past work, and classified her past work under the Dictionary of Occupational Titles ("DOT"). (Tr. at 58-60.) The ALJ then asked the VE to consider an individual with Plaintiff's background who

> [could] occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, stand and/or walk about six hours, sit about six hours, pushing/pulling with the bilateral upper extremities are limited to occasional basis only, occasionally climb ramps or stairs, ladders, ropes or scaffolds, frequent balancing, occasional stooping, frequent kneeling, occasional crouching, frequent crawling, handling, fingering, feeling limited to a frequent basis, avoid concentrated exposure to extreme cold, heat, wetness, humidity and avoiding even moderate exposure to fumes, odors, dust, gases or poor ventilation.

(Tr. at 60-61.) The VE responded that such a person would be able to perform Plaintiff's past relevant work as a general cashier and child monitor. (Tr. at 61.) In addition, the VE testified that such a person could also perform the 6,000 hand packager, 6,000 inspector, and 14,000 assembler jobs available in the Southeastern Michigan region. (Tr. at 62.) The ALJ then asked the VE to assume the same hypothetical with the additional requirement that the person be allowed a sit/stand option, alternating positions every 30 minutes. (*Id.*) The VE responded that the same jobs would

9

be available but with an approximate 75% reduction in the numbers given. (*Id.*) The ALJ then asked the VE to add to the previous hypothetical that "due to frequent episodes of shortness of breath unable to persist at a work effort for a full eight hour day without frequent, unscheduled rest breaks," to which the VE responded that there would be no work that such a person could perform. (Tr. at 63.) Plaintiff's attorney asked the VE whether the need to "sit and elevate their legs to at least waist level at unpredicted times for an unpredicted amount of time" would be job preclusive and the VE responded that it would. (Tr. at 64.)

### F. Analysis and Conclusions

#### 1. Legal Standards

The ALJ determined that during the time Plaintiff qualified for benefits, she possessed the residual functional capacity to return to her past relevant work as a cashier or a child monitor. (Tr. at 32-34.)

The Commissioner's regulations state that the agency "will first compare our assessment of your residual functional capacity with the physical and mental demands of your past relevant work." 20 C.F.R. § 416.960(b); 20 C.F.R. §404.1560(b). "If you can still do this kind of work, we will find that you are not disabled." 20 C.F.R. § 404.1520(f); 20 C.F.R. § 404.1560(b)(3). "'By referring to the claimant's ability to perform a "kind" of work, [the regulations] concentrate[] on the claimant's capacity to perform a type of activity rather than his ability to return to a specific job or to find one exactly like it.'" *Boucher v. Apfel*, No. 99-1906, 2000 WL 1769520, at *7 (6th Cir. Nov. 15, 2000) (quoting *Pass v. Chater*, 65 F.3d 1200, 1204 (4th Cir. 1995)).

An "ALJ [is] not required to solicit testimony from a VE in reaching his conclusion" that a plaintiff is able to perform her past relevant work. *Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 395 (6th Cir. 2010) (citing 20 C.F.R. § 404.1560(b)(2) ("We *may* use the service of vocational

experts . . . to help us determine whether you can do your past relevant work[.]") (emphasis in original); *Griffeth v. Comm'r of Soc. Sec.*, 217 F. App'x 425, 429 (6th Cir. 2007) ("The regulations permit an ALJ to use the services of a vocational expert at step four to determine whether a claimant can do his past relevant work . . . .")). Should the ALJ use the services of a VE, the ALJ need only incorporate those limitations into the hypothetical question that he finds credible and supported by the record. *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993).

Alternatively, at step five, the ALJ found that Plaintiff could perform a limited range of light work. (Tr. at 29-32.)

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

After review of the record, I suggest that the ALJ utilized the proper legal standard in his application of the Commissioner's five-step disability analysis to Plaintiff's claim. I turn next to the consideration of whether substantial evidence supports the ALJ's decision.

### 2. Substantial Evidence

Plaintiff contends that the ALJ's decision is not supported by substantial evidence. (Doc. 9.) As noted earlier, if the Commissioner's decision is supported by substantial evidence, the

decision must be affirmed even if this Court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan,* 474 F.3d at 833; *Mullen,* 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

Specifically, Plaintiff contends that Defendant "erred as a matter of law in determining that Ms. Williams could return to her past relevant work" (Doc. 9 at 7-11), that Defendant "erred as a matter of law in assessing Ms. Burch's [sic] credibility" (Doc. 9 at 11-15), and "by providing an improper hypothetical to the vocational expert." (Doc. 9 at 15-16.)

### a. Credibility Analysis

When a disability determination that would be fully favorable to a claimant cannot be made solely on the basis of the objective medical evidence, an ALJ must analyze the credibility of the claimant, considering the claimant's statements about pain or other symptoms with the rest of the relevant evidence in the record and factors outlined in Social Security Ruling 96-7p. Credibility determinations regarding a claimant's subjective complaints rest with the ALJ. *See Siterlet v. Sec'y of Health and Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). Generally, an ALJ's credibility assessment can be disturbed only for a "compelling reason." *Sims v. Comm'r of Soc. Sec.*, No. 09-5773, 2011 WL 180789 at *4 (6th Cir. Jan. 19, 2011) (citing *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001)); *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). When weighing credibility, an ALJ may give less weight to the testimony of interested witnesses. *Cummins v. Schweiker*, 670 F.2d 81, 84 (7th Cir. 1982) ("a trier of fact is not required to ignore incentives in resolving issues of credibility"); *Krupa v. Comm'r of Soc. Sec.*, No. 98-3070, 1999 WL 98645 at *3 (6th Cir. Feb. 11, 1999) (unpublished). However, "[i]f an ALJ rejects a claimant's testimony as incredible, he must clearly state his reasons for doing so." *Felisky,* 35 F.3d at 1036.

The social security regulations establish a two-step process for evaluating subjective symptoms, including pain. 20 C.F.R. § 404.1529; SSR 96-7p. In order for pain or other subjective complaints to be considered disabling, there must be (1) objective medical evidence of an underlying medical condition, and (2) objective medical evidence that confirms the severity of the alleged disabling pain arising from that condition, or objectively, the medical condition is of such severity that it can reasonably be expected to produce such disabling pain. *See id.*; *Stanley v. Sec'y of Health & Human Servs.*, 39 F.3d 115, 117 (6th Cir. 1994); *Felisky*, 35 F.3d at 1038-39; *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986).

Therefore, the ALJ must first consider whether an underlying medically determinable physical or mental impairment exists that could reasonably be expected to produce the individual's pain or other symptoms. Secondly, after an underlying physical or mental impairment is found to exist that could reasonably be expected to produce the claimant's pain or symptoms, the ALJ then determines the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which the symptoms limit the claimant's ability to do basic work activities. *Id.* Although a claimant's description of his physical or mental impairments alone is "not enough to establish the existence of a physical or mental impairment," C.F.R. §§ 404.1528(a), 416.929(a), "[a]n individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded *solely* because they are not substantiated by objective medical evidence." SSR 96-7p, at *1 (emphasis added). Instead, the ALJ must consider the following factors:

(i)   [D]aily activities;

(ii)  The location, duration, frequency, and intensity of . . . pain;

(iii) Precipitating and aggravating factors;

    (iv)    The type, dosage, effectiveness, and side effects of any medication . . . taken to alleviate . . . pain or other symptoms;

    (v)    Treatment, other than medication, . . . received for relief of . . . pain;

    (vi)    Any measures . . . used to relieve . . . pain.

*Felisky*, 35 F.3d at 1039-40; SSR 96-7p, at *3. Furthermore, the consistency of the evidence, including a claimant's subjective statements, is relevant in determining a claimant's credibility. 20 C.F.R. § 404.1527(c); SSR 96-7p, at *5.

In the instant case, the ALJ thoroughly considered each of the above factors. (Tr. at 29-32.) Plaintiff argues that the ALJ "erred as a matter of law in assessing Ms. Burch's [sic] credibility" (Doc. 9 at 11-15.) I note at the outset that the ALJ used the proper criteria for assessing Plaintiff's credibility and thus, did not err as a matter of law. I next consider whether the ALJ's assessment was supported by substantial evidence. I suggest that it is.

Plaintiff contends that the ALJ should have found Plaintiff's testimony credible that "it's hard for me to do anything when I go outside, cold weather affects my breathing. Humidity affects my breathing. Any hard work that I do, vacuuming or anything, even running with my kids affects my breathing" and that she "sit[s] in a recliner with [her] feet up most of the time." (Doc. 9 at 13-14.) In many respects, the ALJ did find her testimony credible in that the ALJ's RFC analysis incorporated limitations as to environmental conditions such as cold weather and humidity. (Tr. at 31-32, 60-61.) However, the ALJ did not incorporate a need to sit with her feet up into the hypothetical but I suggest that there is no medical evidence of record to support a medical need for Plaintiff to do so. Simply because she does sit in a recliner most of the time when at rest does not establish that she needs to, nor is it medical evidence of a need to do so. As to hard work affecting her breathing, I suggest that the ALJ properly limited Plaintiff's RFC to less than hard work, i.e., a limited range of light work. In addition, Plaintiff's own statements reflect that she is

14

able to do vacuuming and other cleaning on a regular basis. (Tr. at 154-59.) Finally, I note that Plaintiff's brief relies largely on references to portions of the administrative transcript that were not before the ALJ but instead were submitted at the Appeals Council level. (Doc. 9 at 14, Tr. at 367-86.) However, as noted above, "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996); *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993).

I therefore suggest that the ALJ's finding – that Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not credible to the extent they were inconsistent with the RFC analysis – is supported by substantial evidence.

**b.    Past Relevant Work and RFC Analysis**

I next suggest that the ALJ's RFC analysis is also supported by substantial evidence for the same reasons as those cited in the credibility analysis. In addition, I suggest that the hypothetical posed to the VE properly incorporated the limitations found in the RFC assessment and was in harmony with the objective record medical evidence and Plaintiff's own statements she is able to care for her three children, cooks for them, clean, plays with them, does their laundry, gets her children ready for school, takes them to their father's house, has no problem with personal care, does not need reminders, prepares daily meals for one to two hours at a time, vacuums, mows the lawn, does dishes, dusts, cleans for one-half to one hour every day, does laundry and vacuuming one to three times per week for one to three hours, gets outside every day, drives and rides in a car, shops in stores for clothes, food and household items one to two times per month for two to three hours, is able to handle her own finances, reads, watches television, enjoys poetry, spending time with her family, traveling, playing computer games, talking with others every day, and going to movies and restaurants one to two times per month. (Tr. at 154-58.) *See Griffeth v. Comm'r of Soc.*

*Sec.*, 217 F. App'x 425, 429 (6th Cir. 2007); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).

Therefore, I suggest that the ALJ's conclusion that Plaintiff could perform her past relevant work as cashier or child monitor or, alternatively, that Plaintiff could perform a limited range of light work is supported by substantial evidence.

### 3.     Conclusion

For all these reasons, after review of the record, I suggest that the decision of the ALJ, which ultimately became the final decision of the Commissioner, is within that "zone of choice within which decisionmakers may go either way without interference from the courts," *Felisky*, 35 F.3d at 1035, as the decision is supported by substantial evidence.

### III.    **REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan*, 474 F.3d at 837; *Frontier Ins. Co.,* 454 F.3d at 596-97.  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be concise, but commensurate in detail

with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

                                                s/ Charles E Binder
                                                CHARLES E. BINDER
Dated: June 24, 2013                              United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System.

Date: June 24, 2013                         By    s/Patricia T. Morris
                                                       Law Clerk to Magistrate Judge Binder